**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4476**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

VALENTINO LEON TUCKER,

            Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Dever III,
District Judge.  (7:06-cr-00042-D-2)

Submitted:  February 17, 2009        Decided:  March 30, 2009

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Rudolph A. Ashton, III, Charles K. McCotter, Jr., MCCOTTER,
ASHTON & SMITH, P.A., New Bern, North Carolina, for Appellant.
George E. B. Holding, United States Attorney, Banumathi
Rangarajan, Jennifer May-Parker, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Valentino Leon Tucker appeals his seventy-two month sentence imposed following revocation of his original sentence of probation. Tucker pled guilty to one count of making a material false statement in connection with the purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6) (2006), and was sentenced to three years of probation. Tucker admitted each of the alleged violations in the three motions for revocation filed by his probation officer. Following a lengthy hearing, the district court provided a detailed explanation for its sentence. Tucker timely noted his appeal and argues that, for various reasons, his sentence is plainly unreasonable.

This court reviews a sentence imposed upon revocation of a defendant's probation to determine whether the sentence is "plainly unreasonable." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). In determining whether a probation revocation sentence is "plainly unreasonable," this court must first determine whether the sentence is procedurally or substantively unreasonable. Id. Although a sentencing court must consider the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2006) factors in fashioning its sentence, the sentencing court retains broad discretion to revoke a defendant's probation and impose a term of imprisonment up to the statutory maximum. Id. Only if the defendant

2

demonstrates that the sentence is unreasonable will this court consider whether the sentence was "plainly unreasonable." Id.

Tucker first claims that his seventy-two month sentence is unreasonable simply because it is higher than his original advisory guidelines range of eighteen to twenty-four months and his revocation advisory guidelines policy statement range of fifteen to twenty-one months' imprisonment. Tucker's sentence was both procedurally and substantively reasonable, however. The district court, in both its ruling from the bench and its written order, provided an exhaustive and reasoned explanation for Tucker's sentence. The record shows that the district court considered the Chapter 7 policy statements and advisory guidelines range, § 3553(a)(4)(B), the relevant § 3553(a) factors, Tucker's abysmal performance on probation, his criminal history, his original sentence of probation after receiving a substantial assistance departure, and the arguments of counsel in sentencing Tucker. Thus, Tucker's sentence was procedurally reasonable.

The district court's decision to impose a sentence greater than both Tucker's original guidelines range and the advisory policy statement range was also substantively reasonable. Tucker committed multiple Grade C violations including continued drug use, refusal of drug treatment, and

3

failure to submit to drug testing. Tucker also pled guilty to felony sale of marijuana, a Grade A violation.

Tucker's advisory policy statement range was based only on the severity of the Grade A violation and did not reflect his numerous Grade C violations. See Moulden, 478 F.3d at 658. Moreover, Tucker's original sentence was based on a substantial assistance departure. See U.S. Sentencing Guidelines Manual ("USSG") § 7B1.4 cmt. n.4 (2008). Additionally, the district court properly considered the inherent breach of trust in Tucker's conduct while on probation. USSG ch. 7, pt. A, introductory cmt. 3(b); United States v. Verkhoglyad, 516 F.3d 122, 130 n.6 (2d Cir. 2008). Finally, Tucker continued his criminal behavior, virtually without interruption, despite lenient treatment from the district court. Accordingly, because Tucker's sentence was substantively reasonable, his first claim is without merit.

Tucker next claims that "the district court failed to properly analyze sentences, Guidelines, policy statements and sentencing disparity." This assertion is simply belied by the record.

Tucker next alleges that he should have received credit for the seven months he spent in state custody on his federal detainer. "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in

4

official detention prior to the date the sentence commences."
18 U.S.C. § 3585(b) (2006). Section 3585 does not permit a district court to determine credit at sentencing. United States v. Wilson, 503 U.S. 329, 334 (1992). Rather, only the Attorney General, through the Bureau of Prisons, may compute credit. Id. at 334-35. Therefore, the district court was without authority to order the Bureau of Prisons to give Tucker credit for the time served. Additionally, Tucker admitted that he received some credit from North Carolina toward his North Carolina sentences for the seven months he spent waiting for his probation revocation hearing. Tucker was, therefore, not entitled to have credit already applied to his state sentence counted a second time and applied to his federal sentence. 18 U.S.C. § 3585(b). Accordingly, the district court did not err in failing to direct that Tucker be given credit for the seven months he spent in state custody on the federal detainer.

Tucker's fourth argument on appeal is that the district court failed to consider sentencing disparities between his co-defendant, Donte Nathaniel Johnson, and himself. A district court need not robotically tick through each subsection of § 3553(a). United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). Here, the context and record establish that the district court considered the § 3553(a) factors and found the circumstances warranted a sentence above the advisory guidelines

5

policy statement range. Moreover, § 3553(a) seeks only to avoid unwarranted sentencing disparities. Unlike his co-defendant, Tucker was initially given a sentence of probation, and as the district court noted, a sentence within Tucker's original advisory guidelines range would not address his abysmal performance on probation.

Finally, Tucker contends that the district court improperly punished him for the criminal conduct underlying his revocation by relying heavily on his new felony conviction and imposing a consecutive sentence without giving him credit for time served. Tucker's claim is without merit as the court was entitled to consider the fact that his Grade C violations were likely to, and did, result in new felonious conduct, and the guidelines instructed that his sentence should be consecutive to his state sentence. USSG §§ 7B1.3(f), 7B1.4 cmt. n.3.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately detailed in the materials before the court, and argument would not aid the decisional process.

AFFIRMED